UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RANDALL D. and BARBARA HOLT,

    Plaintiffs,

v.

BOART LONGYEAR COMPANY,

    Defendant.

CASE NO. C13-5655 BHS

ORDER DENYING PLAINTIFFS' MOTION TO REMAND

This matter comes before the Court on Plaintiffs Randall and Barbara Holt's ("Holts") motion to remand (Dkt. 6). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On July 26, 2013, the Holts filed a complaint against Defendant Boart Longyear Company ("Boart") in Pierce County Superior Court for the State of Washington. Dkt. 10, Declaration of Paul R. Taylor, Exh. 1 ("Comp."). The Holts assert causes of action

for (1) termination of the parties' lease, and (2) injunctive relief of removal of the assigned occupier of the Holts' property. *Id*.

On August 2, 2013, Boart removed the matter to this Court. Dkt. 1.

On August 15, 2013, the Holts filed a motion for remand. Dkt. 6. On September 3, 2013, Boart responded. Dkt. 9. On September 6, 2013, the Holts replied. Dkt. 12.

## II. DISCUSSION

The Holts argue that the Court should remand the matter because the amount in controversy does not exceed the jurisdictional minimum or, in the alternative, the Court should abstain from this local landlord-tenant matter.

### A.  Amount in Controversy

Diversity jurisdiction requires that at least $75,000 is in controversy. 28 U.S.C. § 1332. When the complaint is unclear and the action has been removed from state court, defendant "bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [the jurisdictional minimum]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Id*.

In this case, Boart has met its burden. It is undisputed that approximately $200,000 in rent, at $19,000 per month, remains to be paid under the lease. The Holts request that Boart be held liable for either this amount or monthly rent until the premise is relet. Comp. ¶ 5.1.3. The Holts argue that Boart has failed to show that it would take four months or longer to relet the property and, therefore, the amount in controversy is

less than the jurisdictional minimum. The fact that the case was even filed, however, is evidence that it is more likely than not that the property will not be relet within four months. The current controversy regarding assignment of the lease began in February 2013, which is more than four months, and has not been resolved. Moreover, the level of detailed information that the Holts have requested of the proposed assignee show that any subsequent leasing of the property will most likely be a complicated business transaction that could take many months to finalize. Therefore, the Court denies the Holts' motion on this issue.

**B.     Abstention**

The Holts' arguments in favor of abstention are based on unlawful detainer actions where the rightful possessor of the property has already been determined. *See* Dkt. 6 at 10–12. These authorities are completely inapplicable to the current controversy in which possession pursuant to a lease is disputed. Therefore, the Court denies the Holts' motion on this issue.

### III. ORDER

Therefore, it is hereby **ORDERED** that the Holts' motion to remand (Dkt. 6) is **DENIED.**

Dated this 12th day of September, 2013.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3