UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RANDALL D. and BARBARA HOLT,<br><br>        Plaintiffs,<br><br>v.<br><br>BOART LONGYEAR COMPANY,<br><br>        Defendant. | CASE NO. C13-5655 BHS<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Plaintiffs Randall and Barbara Holt's ("Holts") motion for summary judgment (Dkt. 17). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On July 29, 2013, the Holts filed a complaint against Defendant Boart Longyear Company ("Boart") in Pierce County Superior Court for the State of Washington. Dkt. 1, Exh. 1 ("Comp."). The Holts seek to terminate a lease with Boart. *Id*.

On August 2, 2013, Boart removed the matter to this Court. Dkt. 1.

1    On August 15, 2013, Boart answered and asserted a counterclaim for declaratory
2 judgment that the Holts unreasonably withheld consent to assign the lease and tortuous
3 interference with contract.  Dkt. 7.
4    On December 26, 2013, the Holts filed a motion for summary judgment on Boart's
5 cause of action for unreasonably withholding consent.  Dkt. 17.  On January 13, 2014,
6 Boart responded.  Dkt. 20.  On January 17, 2014, the Holts replied.  Dkt. 23.

## II. FACTUAL BACKGROUND

8    The Holts and Boart entered into a lease for real property that originally covered
9 the period of 2004 through 2009, but was extended through September 2014.  Comp.,
10 Exh. A.  In February 2013 Boart informed the Holts that it wanted to assign its lease to
11 Cascade Drilling, L.P. ("Cascade").  The Holts were concerned that Boart was suffering
12 financial difficulties and on February 13, 2013, the Holts' attorney sent a letter to Boart
13 expressing their financial concerns and informing Boart that they would conduct due
14 diligence into the possible assignment of the lease to Cascade, including an
15 "environmental review and review of the financial abilities of the respective parties to
16 perform according to the terms of the lease."  *Id.*, Exh. B.
17    In a letter dated June 17, 2013, Boart's attorney, Brent Torstrick, sent an
18 "Assignment of Lease with Consent of Landlord" to Cascade Drilling, L.P. and
19 "Consolidated Balance Sheets" for 2011 and 2012 for "Cascade Drilling Holdings, LLC
20 and Subsidiaries."  *Id.*, Exh. C.  Mr. Torstrick represented the documents to be
21 "Cascade's 2011 and 2012 consolidated balance sheet and income statement."  *Id*.  The
22 documents are stamped "DRAFT: NOT TO BE REPRODUCED OR RELIED UPON

FOR ANY PURPOSE." *Id.* Boart did not supply any additional information (including environmental protocols), stating that such information had "no bearing on the reasonableness of the assignment from the landlord's perspective." *Id.*

After the Holts voiced concern over the inadequacy of the information provided, Boart provided a declaration by Cascade's President and CEO, Tim Smith, affirming that the financials were accurate. Dkt. 21, Exh. 5. The affirmation, however, only relates to the financials of Cascade's parent corporation. *See id.*

### III. DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.    The Holts' Motion**

"Whether a landlord unreasonably withholds consent to the assignment of a lease is a question of fact." *Ernst Home Center, Inc. v. Sato*, 80 Wn. App. 473, 482 (1996). The "reasonableness" test depends upon "whether a reasonably prudent person in the landlord's position would have withheld consent to the assignment." *Id*. at 484.

In this case, Boart has failed to produce sufficient evidence to show that a material question of fact exists for trial. With regard to the financial information, not only is the information unreliable "draft" documents, but the information relates to the parent corporation of Cascade with no assurance that the parent corporation is liable for the

debts of Cascade. In other words, the financial documents reflect absolutely nothing about the financial condition or abilities of Cascade, and no affidavit or declaration can solve this deficiency. The Court finds that no reasonable juror would conclude that this information was either reliable or sufficient to show the financial position of Cascade. Therefore, for this reason alone, there does not exist a material question of fact whether the Holts unreasonably withheld consent, and the Court grants the Holts' motion on Boarts' counterclaim.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Holts' motion for summary judgment (Dkt. 17) is **GRANTED**.

Dated this 3rd day of March, 2014.

BENJAMIN H. SETTLE
United States District Judge